# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JOHN DOE, | ) C/A NO.: 2:17-cv-2671-RMG |
| | ) |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S FIRST SET OF** |
| v. | ) **INTERROGATORIES DIRECTED** |
| | ) **TO DEFENDANT COLLEGE OF** |
| COLLEGE OF CHARLESTON, *et al.* | ) **CHARLESON** |
| | ) |
| Defendants. | ) |

Pursuant to Fed. R. Civ. P. 33, Plaintiff John Doe ("John" or "Plaintiff") hereby submits the following First Set of Interrogatories to Defendant College of Charleston ("CofC"). You must answer the Interrogatories fully, in writing, and under oath, as well as produce the documents requested for inspection and copying, on an expedited basis by October 17, 2017.

These requests should be considered continuing so as to require supplementation, pursuant to Fed. R. Civ. P. 26(E), at any time before or during trial.

## INSTRUCTIONS FOR ANSWERING

### Definitions

1.  Unless otherwise specified, the terms "you" and/or "your" refer to Defendant CofC.

2.  The term "document" refers to and includes any and all writings or other means of recording or preserving information now or previously in your possession or in the possession of your attorneys or agents, including, but without limitation, on the generality of the foregoing, any and all letters, correspondence, e-mails, memoranda, reports, records, handwritten notes, photographs, telephone message slips, sketches, drawings, designs, plans, bids, brochures, specifications, records, journals, data books, taped recordings, time sheets, index cards and other

indices, invoices, purchase orders, forms, and computer printouts or information otherwise stored or preserved in computers.

3. The term "expert" refers to any a natural person who has, or who purports to have, any special knowledge, skill, experience, training or education in any subject matter which is or may be, involved in this action.

4. The term "custodian" refers to each person who has possession or control of the document, or tangible object, or copy thereof.

5. When asked to "identify" a document or documents, state the type of document (*e.g.*, letter, memorandum), its date, the name and address of its custodian, and the place where it is currently located. In the event that you choose to attach a copy of a requested document to your responses to these Interrogatories, you may abbreviate the identification of such document by stating only an exhibit number or other reference symbol and by providing any requested identifying information that is not revealed by the document itself. If any document otherwise responsive to any of these Interrogatories was formerly in your possession, but has been lost, destroyed, or otherwise separated from your possession or control, so state, and in addition, describe the circumstances or reasons for such loss, destruction, or separation and provide the name(s) and address(es) of any person(s) currently having custody or control and any other information concerning its present whereabouts.

6. The term "communication" refers to any and all telephone conversations, face-to-face meetings, text messages and/or emails.

7. If you claim that any answer or document is subject to a claim of privilege, state the basis for the claim of privilege, state the type of document, its date, the name and title of its author or originator, the name and title of each recipient, the reasons for or purpose of its

preparation, the name and address of its custodian, and the reason(s) why you claim the answer or document is subject to a claim of privilege.

8. When asked to identify a person, state his or her name, title (or position or classification), business address, residence address (or last known address), and telephone number; except that when identifying an expert you may omit his or her residence address.

9. When asked to state the residence address of any person, provide the mailing address of the house, apartment, or other personal living quarters of such person (including therein the street, street number, apartment number, state, and zip code, as applicable) as known to you or otherwise shown or reflected in your records.

10. When asked to state the business address of any person, provide the name of the company or other business operated by or employing such person, together with the mailing address of the office of such company or other business where such person works or is employed.

11. Anything attached or affixed to a responsive document shall be deemed part of and produced with such responsive document, whether or not the attachment is itself independently responsive.

12. If there exists one or more copies of any responsive document, it shall be sufficient to produce only the original, unless any such copy reveals or contains handwritten notes, attachments or other material or information not revealed by the original, in which case each such copy shall be produced.

13. If you object to an Interrogatory on the belief that part, but not all, of the Interrogatory is objectionable, so state, and provide the information and produce the documents to which you do not object.

14.     Whenever an Interrogatory requires you to "state the factual basis" for an allegation, provide a complete statement of all facts known to you which support the allegation and, in addition, identify persons whom you believe have knowledge of each event, circumstance and/or observation which supports the allegation and identify all documents relied upon to support the particular allegation and/or your response to the Interrogatory.

## INTERROGATORIES

1.     Identify each person with knowledge of the facts relating to the allegations of the Complaint and provide a brief description of each person's knowledge.

**ANSWER:**




2.     Identify each document that CofC considers to be part of its decision to proceed with its investigation of Jane Doe's misconduct claims against John.

**ANSWER:**




3.     Describe all communications (including, but not limited to, any in-person meetings) between any agent and/or employee of CofC and/or Detective Daniel Wilson of the Charleston Police Department.

**ANSWER:**

4.	Describe all communications (including, but not limited to, any in-person meetings by any agent or employee of CofC) with Jane Doe regarding her Title IX complaint against John.

**ANSWER:**

5.	Describe all communications (including, but not limited to, any in-person meetings by any agent or employee of CofC) with any other student at CofC regarding the allegations made by Jane Doe against John.

**ANSWER:**

6.	Explain what information about the Pi Kappa Phi fraternity CofC considered when determining whether to investigate Jane Doe's claims against John.

**ANSWER:**

7.	Identify all factual and/or legal rationale(s) supporting CofC's decision to investigate and/or adjudicate Jane Doe's claims against John.

**ANSWER:**

8. State whether CofC has ever received any Title IX complaints accusing female students of violating CofC's Student Sexual Misconduct Policy and/or the Policy on the Prohibition of Discrimination and Harassment within the last 3 years.

**ANSWER:**

9. Identify all students at CofC who were interviewed regarding Jane Doe's claims against John.

**ANSWER:**

10. State whether any discussions occurred among CofC agents and/or employees as to whether CofC should proceed with an investigation of Jane Doe's complaint against John after learning that the Charleston Police Department decided not to charge John with a crime.

**ANSWER:**

11. Identify all factual and/or legal rationale(s) supporting any belief that CofC might suffer prejudice if it discontinues its investigation and/or adjudication of Jane Doe's claims against John.

**ANSWER**

12. Identify each person whom CofC expects to call as a witness at the Preliminary Injunction Hearing.

**ANSWER:**

13. If CofC continues the investigation of Jane Doe's claims against John, identify all procedures, protocols and/or definitions related to how CofC will evaluate and consider the conclusion(s) of Detective Daniel Wilson and/or the Charleston Police Department.

**ANSWER:**

14. Identify all documents referred to and/or relied upon in answering these Interrogatories or which otherwise relate to CofC's answers to these Interrogatories.

**ANSWER:**

15. Identify each person who provided information for the answers to these Interrogatories or participated in the preparation of the answers.

**ANSWER:**

16. Identify all factual and/or legal rationale(s) supporting any belief that John will suffer no prejudice if CofC continues with an investigation of Jane Doe's claims against him.

**ANSWER:**

17. Identify why CofC would believe that its own investigator would be more qualified than a law enforcement officer to evaluate whether a sexual assault may have occurred.

**ANSWER:**

                                          Respectfully submitted,

                                          DeANTONIO LAW FIRM, LLC

                                          _____
Stephen F. DeAntonio, Fed. Id. No. 1049
Post Office Box 30069
Charleston, SC 29417
(843) 577-8080
(843) 577-4188 (fax)
*sdeantonio@deanlawfirm.com*

*Attorney for Plaintiff*

October _____, 2017
Charleston, South Carolina

## CERTIFICATE OF SERVICE

  I hereby certify that on October _____, 2017 a copy of the foregoing *Plaintiff's First Set of Interrogatories Directed to Defendant College of Charleston* was served U.S. Mail and e-mail on Angela B. Mulholland, General Counsel, College of Charleston, Office of Legal Affairs, 66 George Street, Randolph Hall – Room 302, Charleston, SC 29424 and mulhollandab@cofc.edu, and via U.S. Mail on Jane Doe, 3089 Yachtsman Drive, Mount Pleasant, SC 29466.

                      _____
                      Stephen F. DeAntonio

**STATE OF SOUTH CAROLINA** :
                         :     **SS:**
**COUNTY OF** _____ :

## VERIFICATION

I certify that the foregoing answers to *Plaintiff's First Set of Interrogatories Directed to Defendant College of Charleston* are true and correct to the best of my knowledge belief

_____

Sworn to before me and subscribed in my presence this \_\_\_\_\_ day of _____, 2017.

_____
Notary Public