IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
C/A No.: 2:17-cv-2671-RMG

| | |
|---|---|
| John Doe,<br><br>            Plaintiff,<br><br>v.<br><br>College of Charleston and Jane Doe,<br><br>            Defendants. | **MOTION TO DISMISS OF<br>DEFENDANT COLLEGE OF CHARLESTON** |

NOW COMES Defendant College of Charleston (hereinafter the "College"), by and through its undersigned counsel, and moves to dismiss[1] with prejudice the single claim brought against the College in the Complaint [NEF Dkt. #1] of Plaintiff John Doe, pursuant to Rule 12(b)(6), FED.R.CIV.P. In support of this motion, the College presents the following.

### PLAINTIFF'S COMPLAINT & MOTION FOR PRELIMINARY INJUNCTION

This case presents the curious accusation that the College has violated 20 U.S.C. § 1681 *et seq.*, otherwise known as "Title IX," by merely complying with its obligations to investigate complaints filed by its students under Title IX.

In his Complaint, Plaintiff's sole claim against the College is that it violated Title IX by investigating a complaint filed against him[2] by Jane Doe with the College's Title IX Coordinator. [NEF Dkt. #1, ¶¶ 44, 70]. Plaintiff has also filed a memorandum supporting his Motion for

---

[1] The College also submits this pleading as a response to Plaintiff's Motion for Preliminary Injunction [NEF Dkt. #8] and other motions filed in this case [NEF Dkts. #9 and #16], and urges the Court to dismiss them as moot.

[2] Also curiously, Plaintiff himself has filed an internal complaint against Jane Doe, which the College is currently investigating. [NEF Dkt. #8-1, p. 5].

1

Preliminary Injunction [NEF Dkt. #8-1], in which he further explains his theory behind the claim. He specifically argues that:

1. The College has violated Title IX because it is investigating the complaint filed with the College against Plaintiff by Jane Doe, even though the local police department concluded its investigation by finding that it did not uncover "probable cause" of a criminal violation. Plaintiff alleges that this amounts to "deliberate indifference" under Title IX. [NEF Dkt. #8-1, pp. 8-11].

2. Plaintiff also alleges that the College's investigation of the Title IX complaint filed against him by Jane Doe constitutes "selective enforcement" under Title IX. [NEF Dkt. #8-1, pp. 11-12].

For the reasons detailed below, these allegations fail to state a claim against the College under Title IX, and for that reason, the claim against the College should be dismissed with prejudice.

### STANDARD OF REVIEW UNDER RULE 12(B)(6), FED.R.CIV.P.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 346 (4th Cir.2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that

is plausible on its face." *Twombly,* 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

**FACTUAL ALLEGATIONS**

Plaintiff's allegations are summarized as follows.

- Plaintiff and Jane Doe were students at the College in the spring of 2017.

- On April 10, 2017, they spent the night drinking alcohol, smoking marijuana, and engaging in sexual intercourse. [NEF Dkt. #8-1, pp. 2-3].

- Thereafter, Jane Doe accused Plaintiff of sexually assaulting her, and filed a complaint against Plaintiff on June 23, 2017 with the Charleston Police Department (CPD). [NEF Dkt. #8-1, p. 4].

- The CPD investigation ended on or about July 28, 2017, when the investigator concluded that there was "insufficient evidence and probable cause in support of a criminal charge against [Plaintiff]. As such, the investigation would be placed into an inactive status with the ability to reopen it should new evidence arise." [NEF Dkt. #1-3, p. 32].

- On August 3, 2017, Plaintiff received notice that Jane Doe also filed a complaint against him with the College's Title IX Coordinator, Kimberly Gertner, regarding the incident. [NEF Dkt. #8-1, p. 5].

- On August 23, 2017, Plaintiff filed a complaint against Jane Doe with the College's Office of Equal Opportunity Programs, based on Jane Doe's alleged false allegations and acts of harassment and intimidation. [NEF Dkt. #8-1, p. 5].

- On September 8, 2017, Plaintiff's counsel also sent the College a letter requesting that the College terminate its investigation of Jane Doe's Title IX complaint on the grounds that CPD's investigation had, to date, found insufficient evidence and probable cause in support of a criminal charge against Plaintiff. [NEF Dkt. #8-1, p. 6].

- The College has not terminated its investigation into either Jane Doe's complaint or Plaintiff's complaint.

## LEGAL DISCUSSION

**I.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE IX AGAINST THE COLLEGE FOR ALLEGED "DELIBERATE INDIFFERENCE."**

Plaintiff's "deliberate indifference" theory is based on the College's "continued investigation of John and refusal to dismiss the Title IX action against him. [The College] ignored John's warnings that Jane's allegations were unfounded based on the investigation conducted by the Charleston Police Department." [NEF Dkt. #8-1, p. 8]. In essence, Plaintiff is arguing that the College violates Title IX if it continues an investigation into a Title IX complaint where a local police department investigating the same complaint concludes that it has not uncovered probable cause that a criminal violation has occurred, and places its investigation in an inactive status.

Under Title IX's "deliberate indifference" standard, a plaintiff has the burden to "demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct." *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 757 (E.D. Tenn. 2009). However, to prevail, "a Plaintiff may demonstrate a defendant's deliberate indifference to discrimination 'only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Id*. (citations omitted).

In support of his "deliberate indifference" claim, Plaintiff relies on the case of *Wells v. Xavier University*, 7 F.Supp. 3d 746 (S.D. Ohio 2014), and actually asserts that the instant case "is no different from *Wells*." [NEF Dkt. #8-1, p. 8] (emphasis added). There are, however, monumental differences between *Wells* and the instant case. In *Wells*, a student accused of rape was the subject of a conduct board hearing, was found responsible for a "serious violation" of the school's code of conduct, and was expelled by the school. 7 F.Supp.3d at 748. In this context,

4

the court denied a Motion to Dismiss under Rule 12(b)(6) when these events took place after the Hamilton County Prosecuting Attorney allegedly communicated his doubts about the rape to the university's president.  *Id*.

In this case, <u>none</u> of these events have occurred.  The College has not charged Plaintiff with misconduct.  The College has not convened a conduct hearing.  The College has not found Plaintiff responsible for a "serious violation" of its Sexual Misconduct Policy (or any policy, for that matter).  The College has not expelled Plaintiff.  The College has not even completed its investigation.  The College has certainly not heard from the Solicitor in Charleston County about the case.  In this light, Plaintiff's assertion that his case "is no different from *Wells*," and that his reliance on *Wells* to support his legal argument, appear to be baseless.

Despite these stark differences, Plaintiff summarily argues that "the Charleston Police Department's conclusion that there is insufficient evidence and probable cause in support of Jane's allegations should resolve CofC's Title IX investigation…It logically follows that if the police did not find evidence of in support of Jane's claims that meets the threshold of probable cause, [the College] cannot prove that John violated its policy by a preponderance of the evidence."  [NEF Dkt. #8-1, pp. 9-10].

There is, however, <u>absolutely no legal basis</u> for the Plaintiff to assert that the decision of a local police department to place an investigation into "inactive status" must – as a matter of law – necessarily bar the College's own Title IX investigation, and Plaintiff directs the Court to none.

Paradoxically, the very document referenced by Plaintiff – the September 22, 2017 letter from the U.S. Department of Education ("USDOE") [NEF Dkt. #8-2] – undercuts his own argument.  The September 22, 2017 letter states as follows:

5

> The Department refers you to the *Q&A on Campus Sexual Misconduct*, issued contemporaneously with this letter, and <u>will continue to rely on its *Revised Sexual Harassment Guidance*, which was informed by a notice-and-comment process and issued in 2001</u>,[3] as well as the reaffirmation of that *Guidance* in the Dear Colleague Letter on Sexual Harassment issued January 25, 2006.[4] As always, the Department's enforcement efforts proceed from Title IX itself[5] and its implementing regulations.[6]

[NEF Dkt. #8-2, p. 2] (emphasis added). The *Revised Sexual Harassment Guidance*, on which the USDOE currently relies, specifically states as follows:

> Police investigations or reports may be useful in terms of fact gathering. However, because legal standards for criminal investigations are different, <u>police investigations or reports may not be determinative of whether harassment occurred under Title IX and do not relieve the school of its duty to respond promptly and effectively</u>.[110]

(Attached as Exhibit "A") (emphasis added).

In short, there is no factual or legal basis for his assertion that the College's failure to immediately cease a Title IX investigation because of the conclusions of local law enforcement amount to a "deliberate indifference" violation of Title IX.[3]  If anything, the documents on which he relies dictate the <u>opposite</u> conclusion.

For these reasons, Plaintiff's claim against the College has no basis, and must be dismissed with prejudice.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE IX AGAINST THE COLLEGE FOR ALLEGED "SELECTIVE ENFORCEMENT."

Plaintiff's "selective enforcement" theory is also based on the College's "continued investigation of John and refusal to dismiss the Title IX action against him," and that the decision to continue the investigation deliberately favored women over men. [NEF Dkt. #8-1, p.

---

[3] Furthermore, at least one Court has found that a plaintiff's Title IX allegations must be dismissed because the "misconduct" based on a university's alleged failure to comply with Title IX regulations promulgated by the United States Department of Education, does not confer a private right of action. *Doe v. Univ. of the South*, 687 F. Supp. 2d at 758.

6

11]. To establish a "selective enforcement" claim, the plaintiff must show that, regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender. A plaintiff may plead in the alternative that they are in both categories, "but in neither case do wholly conclusory allegations suffice for purposes of Rule 12(b)(6)." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2nd Cir. 1994).

Here, Plaintiff's claim of selective enforcement fails because it is based on "wholly conclusory allegations." Plaintiff has failed even to allege how the College's practice of investigating Title IX claims in cases where local law enforcement cannot determine that probable cause exists constitutes discrimination against men. In light of USDOE's position on the matter referenced above, as articulated in its January 2001 *Revised Sexual Harassment Guidance*, Plaintiff's argument on this point seems particularly misplaced.

Further, Plaintiff's own experiences undercut his claim. Both he and Jane Doe filed complaints with the College. Both are currently being investigated by the College. It appears ridiculous to conclude from Plaintiff's own experiences that the College's decision to receive, process, and complete both investigations is evidence of gender bias.

## CONCLUSION

On the basis of the foregoing, the Defendant College of Charleston respectfully requests that the Court grant the Motion to Dismiss on Plaintiff's single cause of action against College with prejudice, and for other such relief as the Court deems just and proper.

Dated this the 26th day of October, 2017.


Signature page to follow

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

/s/ Eugene H. Matthews
Eugene H. Matthews, ID #7141
Post Office Drawer 7788
Columbia, South Carolina 29202
T: 803.771.4400
F: 803.779.0016
Email:  gmatthews@RichardsonPlowden.com

**COUNSEL FOR DEFENDANT COLLEGE OF CHARLESTON**